IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| MICHAEL E. WEATHERS, | : |
| Plaintiff, | : |
| VS. | : |
| | : 7 : 10-CV-03 (HL) |
| MICHAEL J. ASTRUE, | : |
| Commissioner of Social Security, | : |
| Defendant. | : |

## RECOMMENDATION

The Plaintiff herein filed this Social Security appeal on January 15, 2010, challenging the Commissioner's final decision denying his application for disability benefits, finding him not disabled within the meaning of the Social Security Act and Regulations. Jurisdiction arises under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted.

## LEGAL STANDARDS

In reviewing the final decision of the Commissioner, this Court must evaluate both whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner applied the correct legal standards to the evidence. *Boyd v. Heckler*, 704 F.2d 1207, 1209 (11th Cir. 1983); *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's factual findings are deemed conclusive if supported by substantial evidence, defined as more than a scintilla, such that a reasonable person would accept the evidence as adequate to support the conclusion at issue. *Richardson v. Perales*, 402 U.S. 389, 401 (1971)*; Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991). In reviewing the ALJ's decision for support by substantial evidence, this Court may not reweigh the evidence or substitute its judgment for that of the Commissioner. "Even if we find that the evidence

preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence." *Bloodsworth*, 703 F.2d at 1239. "In contrast, the [Commissioner's] conclusions of law are not presumed valid. . . . The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Cornelius*, 936 F.2d at 1145-1146.

*Administrative Proceedings*

The Plaintiff filed applications for disability benefits and Supplemental Security Income on June 27 and June 29, 2006 respectively, alleging disability commencing on April 30, 2004. (T-10). His claims were denied initially and upon reconsideration. (T- 66-69). A hearing was held before an ALJ in Albany, Georgia on December 12, 2007. (T-33-65). Thereafter, in a hearing decision dated January 23, 2008, the ALJ issued a partially favorable decision and found that the Plaintiff was disabled between April 30, 2004 and August 31, 2005. (T- 5-23). The Plaintiff then appealed the determination that his disability ceased as of September 1, 2005. The Appeals Council subsequently denied review and the ALJ's decision thereby became the final decision of the Commissioner. (T- 1-4).

*Statement of Facts and Evidence*

The Plaintiff was forty-seven (47) years of age at the time of the ALJ's decision, and alleged disability since April 30, 2004, due to back conditions. (T- 23, 39). He has a high school education and past relevant work experience as a maintenance worker and electrical technician. (T- 59, 161). As determined by the ALJ, Plaintiff suffered from severe impairments in the form of degenerative disc disease, hypertension and obesity during the closed period of disability. (T-14). The ALJ determined that the Plaintiff's disability ceased as of September 1, 2005 based on medical improvement relating to Plaintiff's ability to work. (T - 17-20). The ALJ found that as of September 1, 2005, the Plaintiff could not return to any of his past relevant work, but, relying on the testimony of a Vocational Expert,

the ALJ found that Plaintiff remained capable of performing other jobs that existed in significant numbers in the national economy and thus was no longer disabled. (T- 22, 23).

## DISCUSSION

In asserting that the Commissioner's decision that the Plaintiff's disability ceased as of September 1, 2005 is not supported by substantial evidence, the Plaintiff argues that the ALJ erred in not finding that the Plaintiff's back condition met Listing 1.04, and erred in evaluating the Plaintiff's credibility in his testimony regarding subjective accounts of pain.

*Listing 1.04*

"The Listing of Impairments describes, for each of the major body systems, impairments which are considered severe enough to prevent a person from doing any gainful activity." *Wilson v. Barnhart*, 284 F.3d 1219, 1224 (11th Cir. 2002). In order to establish that his impairments meet or equal one or more of those set out in the List of Impairments (Appendix 1, 20 C.F.R. Part 404), a claimant must present specific medical findings that meet the tests for the applicable impairment or medical evidence that demonstrates how the impairment is equivalent to the listings. *Bell v. Bowen*, 796 F.2d 1350, 1353 (11th Cir. 1986) (plaintiff must "present specific medical findings that meet the various tests listed under the description of the applicable impairment or, if in the alternative he contends that he has an impairment which is equal to one of the listed impairments, the claimant must present medical evidence which describes how the impairment has such an equivalency"); *Wilkinson v. Bowen*, 847 F.2d 660, 662 (11th Cir. 1987).

Listing 1.04 characterizes muskuloskeletal disorders and requires that a claimant present evidence of a disorder of the spine:

> resulting in compromise of a nerve root (including the cauda equina) or
> the spinal cord.

> With:
>> A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine);
>> or
>> B. Spinal arachnoiditis, confirmed by an operative note or pathology report of tissue biopsy, or by appropriate medically acceptable imaging . . .
>> or
>> C. Lumbar spinal stenosis resulting in pseudoclaudication, established by findings on appropriate medically acceptable imaging, manifested by chronic nonradicular pain and weakness, and resulting in inability to ambulate effectively . . .
>
> Appendix 1, 20 C.F.R. Part 404, Listing 1.04.

The ALJ specifically reviewed Plaintiff's condition pursuant to Listing 1.04. After listing the requirements of Listing 1.04, the ALJ found as follows:

> In this case, however, there is no evidence of nerve root compression, spinal arachnoiditis, or lumbar spinal stenosis resulting in pseudoclaudication. Likewise there is no objective evidence of any inability to ambulate effectively, which under 1.00B2b means an extreme limitation of the ability to walk; i.e., an impairment that interferes very seriously with the individual's ability to independently initiate, sustain, or complete activities. Ineffective ambulation is defined generally as having insufficient lower extremity functioning to permit independent ambulation without the use of a hand-held assistive device(s) that limits the functioning of both upper extremities. According to the claimant's testimony, he lives on his own and is able to walk to his mother's house every day for his meals. There is no indication that he is required to use an assistive device of any kind at all.
>
> (T - 19).

The Commissioner asserts that substantial evidence supports the ALJ's finding that the Plaintiff's impairments did not meet or equal Listing 1.04, inasmuch as the Plaintiff has failed to show that the listing's requirements are satisfied, and furthermore, the Commissioner asserts that the

4

evidence does not show that Plaintiff's back impairment resulted in spinal arachnoiditis or lumbar spinal stenosis resulting in the inability to ambulate effectively. The Court agrees. Although Plaintiff points to a finding of mild nerve root compression in June 2002, prior to the alleged disability onset date, the Plaintiff has failed to point to evidence of limitation of motion of the spine, motor loss accompanied by sensory or reflex loss under 1.04 (A), or spinal arachnoiditis or lumbar spinal stenosis resulting in the inability to ambulate effectively under 1.04 (B) or (C). (T - 247). Plaintiff generally asserts that because he suffered a back injury that required surgical repair, Plaintiff suffered "permanent neurological impact" and therefore meets Listing 1.04. (Doc. 9, p. 3). However, a claimant does not satisfy a particular listing unless all of the listing's requirements are present. *Hale v. Sec'y. of Health and Human Serv.*, 816 F.2d 1078, 1083 (6th Cir. 1987); *Key v. Heckler*, 754 F.2d 1545, 1550 (9th Cir. 1985). The burden is on the Plaintiff to establish that his condition meets or equals a listing, and the Plaintiff has failed to do so. *Barron v. Sullivan*, 924 F.2d 227, 229 (11th Cir. 1991) (claimant has the burden of proving an impairment meets or equals a listed impairment).

***Credibility determination***

The Plaintiff also asserts that the ALJ erred in discrediting the Plaintiff's complaints of pain. If the Commissioner "finds evidence of an underlying medical condition, and either (1) objective medical evidence to confirm the severity of the alleged pain arising from that condition, or (2) that the objectively determined medical condition is of a severity which can reasonably be expected to give rise to the alleged pain," then he must consider the claimant's subjective testimony of pain. *Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992); *Hand v. Heckler*, 761 F.2d 1545 (11th Cir. 1985).

An individual's statement concerning pain is not alone conclusive evidence of a disability. 20 C.F.R. § 404.1529(a). Rather, the intensity and persistence of the pain must be considered, using Plaintiff's testimony, including activities of daily living, and objective medical records as evidence. 20 C.F.R. § 404.1529(c). The Commissioner is entitled to "consider whether there are any inconsistencies in the evidence, and the extent to which there are any conflicts between [Plaintiff's] statements and the rest of the evidence." 20 C.F.R. § 404.1529(c)(4). If Plaintiff's testimony of pain and other symptoms can be reasonably accepted as consistent with the medical evidence, then Plaintiff can be deemed disabled. However, if the Commissioner discredits such testimony, "he must articulate explicit and adequate reasons," or the testimony must be accepted as true. *Cannon v. Bowen*, 858 F.2d 1541, 1545 (11th Cir. 1988).

The ALJ found that:

> [i]n assessing the credibility of the claimant's contentions, I note that the claimant has had an excellent work ethic, and he worked at his job for a long time before he resorted to having surgery. And we mustn't forget that his surgery was major. No doubt, the claimant would find it very difficult to return to his past strenuous work.
> . . .
> In fact, there are a number of factors which suggest that the claimant's condition is not quite as bad as he contends. First, there is the matter of his weight. It would seem obvious that the claimant is not helping his back pain any by continuing to pack on weight. Then, there is the question of the claimant's smoking. Several doctors have explained to him that he is making his problems worse by smoking cigarettes. Nonetheless, the claimant adamantly continues.
> . . .
> And then, there is the question of the claimant's relative lack of medical care following his surgery, and infrequent use of prescription medication, at least from July 2004 to October 2006. . . the claimant settled his workers compensation claim for $65,000 in August 2005.
> . . .
> I also note that the claimant professes to have virtually no activities of daily living even though he testified that he has lived on his own for the last three years. He indicated that his mother prepared his meals; but there was no evidence that his mother provided any other assistance to him.

> . . .
> [State agency doctors reviewing the objective medical record determined] that the claimant was capable of performing sub light work, with some modest limitation in the operation of foot controls . . . and [one physician] noted that there have been relatively few objective findings which would support the claimant's various contentions after he had his back surgery.
>
> In the end, I assign little credibility to the claimant's subjective allegations since September 2005, as they are not reasonably consistent with the nature of the objective evidence or other evidence of record. . . . While the claimant does have some objective limitations which I have accounted for, there does not seem to be any reason why he should not be able to work within the residual functional capacity I have adjudged, if he were so inclined.

(T - 21, 22).

The ALJ provided specific and adequate reasons for discrediting the Plaintiff's subjective accounts of pain, including the lack of objective medical evidence to support Plaintiff's contentions beyond September 1, 2005, Plaintiff's refusal to comply with medical directives regarding health conditions that contributed to his back pain, and the conflict between Plaintiff's testimony that he could not afford medication or treatment and his receipt of a substantial worker's compensation award in 2005. *Id.* Additionally, two (2) state agency physicians concluded, after review of the objective medical record, that Plaintiff could perform sub-light or sub-medium work. The ALJ's conclusions are supported by specific reference to the record and to Plaintiff's testimony, and are supported by substantial evidence.

To the extent that the Plaintiff asserts that the Vocational Expert testified to Plaintiff's inability to return to gainful employment due to his pain and resulting limitations, the Commissioner correctly points out that the Vocational Expert in fact testified to the Plaintiff's ability to return to work. The Vocational Expert testified that only the addition of the limitation of unplanned disruptions of the workday and work week would preclude the Plaintiff from returning to work, a limitation credited by

the ALJ in finding the Plaintiff disabled for a closed period of time. (T - 61). The ALJ specifically found that this limitation ended on September 1, 2005. (T - 23).

*Conclusion*

Inasmuch as the Commissioner's final decision in this matter is supported by substantial evidence and was reached through a proper application of the legal standards, it is the recommendation of the undersigned that the Commissioner's decision be **AFFIRMED** pursuant to Sentence Four of § 405(g). Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this Recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

**SO RECOMMENDED**, this 24th day of February, 2011.

*s/ THOMAS Q. LANGSTAFF*

**UNITED STATES MAGISTRATE JUDGE**

asb